3031556 1136-21385

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF DIAMOND B INDUSTRIES, L.L.C., AS OWNER AND OPERATOR OF THE M/V LITTLE BOB, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO:**<br><br>**DISTRICT JUDGE:**<br><br>**MAGISTRATE JUDGE:**<br><br>**Admiralty – Rule 9(h)** |

**VERIFIED COMPLAINT FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**

**NOW INTO COURT**, through undersigned counsel, comes Diamond B Industries, L.L.C. (hereinafter "Limitation Petitioner", "Diamond B", or "Petitioner"), as owner and operator of the M/V LITTLE BOB (U.S.C.G. No. 633672), its engines, tackle, gear, furniture, appurtenances, etc. (hereinafter the "Vessel"), which files this Complaint for Exoneration From or Limitation of Liability pursuant to 46 U.S.C. § 30511, and respectfully avers upon information and belief as follows:

## PARTIES, JURISDICTION AND VENUE

1.

At all times pertinent hereto, Limitation Petitioner, Diamond B Industries, L.L.C. was and is a Louisiana limited liability company organized under and existing by virtue of the laws of the State of Louisiana, authorized to do and is doing business within the jurisdiction of this Honorable Court. Limitation Petitioner is domiciled at 4918 S. Lewis Street, New Iberia, Louisiana 70560, which is within this Honorable District.

2.

At all times pertinent hereto, Limitation Petitioner was and still is the owner and operator of the M/V LITTLE BOB (the "Vessel"), its equipment, tackle, apparel, fixtures, and furniture.

3.

The M/V LITTLE BOB (Official No. 633672) is an approximately fifty-two and a half (52.5) foot-long, twenty-two (22) foot-wide towing vessel with a hailing port of New Orleans, Louisiana.

4.

Upon information or belief, on or about April 10, 2026, while serving aboard the Vessel as a deckhand, James Christopher West, Jr. (the "Decedent") was reportedly discovered unresponsive near or about the bathroom of the Vessel. The Decedent was pronounced deceased shortly thereafter (the "Incident"). The Vessel was docked at or near Venice, Louisiana, Plaquemines Parish at the time of the Incident.

5.

As a result of the Incident, on September 10, 2026, the Decedent's mother, Ms. Annette C. West ("Plaintiff"), individually and as personal representative of James Christopher West, Jr., filed a Petition for Damages in the 16th Judicial District Court for the Parish of Iberia, State of Louisiana, against Diamond B Industries, L.L.C., captioned *Annette C. West, Individually and As Personal Representative of James Christopher West, Jr. versus Diamond B. Industries, LLC*, under Civil Action No. C-146225 (the "16th JDC Petition"). Plaintiff's Petition for Damages is a wrongful death and survival action.

6.

Limitation Petitioner was served with the 16th JDC Petition on or about September 14, 2026.

7.

On October 1, 2026, Limitation Petitioner answered the Plaintiff's 16th JDC Petition.

8.

This is an action for exoneration from or limitation of liability, civil and maritime, under the purview of 46 U.S.C. §§ 30501, *et* seq. (the "Limitation Act"), and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This action is governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. This Honorable Court has jurisdiction over this action by virtue of the Limitation Act and by virtue of 28 U.S.C. § 1333.

9.

The Vessel has not been attached or arrested to answer for any claim to which Limitation Petitioner seeks exoneration from or limitation of liability through these proceedings. Venue is proper in this Honorable Judicial District pursuant to the Federal Rules of Civil Procedure and Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims because, because Limitation Petitioner has been sued in the 16th Judicial District Court for the Parish of Iberia, State of Louisiana, as a consequence of the Incident, in the Civil Action No. C-146225, which court is within this Honorable District.

10.

At all times during and prior to the Incident, Limitation Petitioner exercised due diligence to make the Vessel seaworthy in all respects. At all times hereinafter described, the Vessel was tight, staunch, strong, fully and properly equipped and manned, well and sufficiently fitted with suitable machinery, gear, tackle, apparel, and appliances, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

11.

The Incident resulted due to no fault on the part of the Limitation Petitioner or the Vessel.

12.

The Incident and any alleged injuries or damages resulting from the Incident were not caused or contributed to by any fault, negligence, or lack of care on the part of Limitation Petitioner, its owners or officers, or the Vessel, but were caused instead by the fault, negligence, and lack of care of other parties or by circumstances beyond the control of Limitation Petitioner.

13.

Limitation Petitioner denies that it or the Vessel is liable for any damages, losses and/or injuries, and in that regard, therefore, Limitation Petitioner is entitled to exoneration from liability for all claims, damages, losses and injuries which may have been done, occasioned or incurred by any reasons of the matters aforesaid.

14.

In the alternative, and without admitting liability, Limitation Petitioner avers that in the event it or the Vessel should be held responsible to any person or parties, by reasons of the matters aforesaid, Limitation Petitioner and the Vessel are entitled to the benefits of the Limitation of Liability Act as provided for in § 30501 through § 30512 of Title 46 of the United States Code and all laws supplementary thereto and amendatory thereof.

15.

All of the alleged losses, damages, and injuries resulting from the Incident were done, occasioned and incurred without fault on the part of the Limitation Petitioner and/or without Limitation Petitioner's privity or knowledge.

16.

The parties currently known to have potential Claims against Limitation Petitioner, Diamond B Industries, L.L.C., resulting from the aforesaid Incident are:

1. **Annette C. West**
Individually and as Personal Representative of James Christopher West, Jr.,
through her attorneys:
Jason M. Welborn
Jacob H. Hargett
G. Shelly Maturin, II
Matthew J. Gaar
WELBORN & HARGETT, LLC
1031 Camellia Blvd.
Lafayette, Louisiana 70508

17.

Limitation Petitioner avers that at the termination of the voyage hereinabove described, the fair market value of the M/V LITTLE BOB and the value of Limitation Petitioner's interest in said vessel, did not exceed the sum of SIX HUNDRED SIXTY-THREE THOUSAND DOLLARS and ZERO CENTS ($663,000.00). Limitation Petitioner provides the attached Declaration of Value by Tim Anselmi, attached as Exhibit "A," in support of this contention. Furthermore, the value of the M/V LITTLE BOB's pending freight at the end of the voyage in question was THREE THOUSAND EIGHT HUNDRED DOLLARS AND ZERO CENTS ($3,800.00).

18.

Limitation Petitioner has a reasonable basis upon which to believe it is possible that claims have been and/or will be asserted and prosecuted against it in amounts exceeding the value of the Vessel and its pending freight.

19.

Limitation Petitioner reserves the right to plead all applicable affirmative defenses, claims, cross-claims and counterclaims against any claimants, including but not limited to the right to plead set off, the right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the incident was unavoidable by Limitation Petitioner, the right to plead the Act of God defense, the right to plead that the Incident resulted from violations of law or permits by other parties or particular claimants, the right to plead that the particular claimants have no right to pursue claims for the alleged unseaworthiness of the Vessel, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible for the Incident described herein.

20.

Petitioner offers and files contemporaneously herewith an Ad Interim Stipulation / Letter of Undertaking ("Ad Interim Stipulation"), attached hereto as Exhibit "B," in the amount of SIX HUNDRED SIXTY-SIX THOUSAND AND EIGHT HUNDRED DOLLARS and ZERO CENTS ($666,800.00), for the payment into this Honorable Court of the aggregate amount of Limitation Petitioner's interest in the M/V LITTLE BOB at the termination of its voyage as aforesaid, plus freight pending in the amount of $3,800.00, with interest at the rate of six (6) percent per annum from the date of the Ad Interim Stipulation, and for all costs; and in addition thereto, Limitation Petitioner is prepared to give bond or stipulation for any amount in excess of the Ad Interim Stipulation as may be ascertained and determined to be necessary under any order(s) of this Honorable Court.

21.

This Complaint is timely filed under Rule F(1) because it was filed within six (6) months of first receipt of a claim in writing, that is subject to a shipowner's protections under 46 U.S.C. § 30501, *et seq.*, arising from the aforementioned Incident, which revealed a reasonable possibility that the claim may exceed the value of the Vessel and its pending freight.

22.

The Vessel has not been arrested or attached within six (6) months after Limitation Petitioner received the first written notice of a claim as aforesaid.

23.

Limitation Petitioner avers that claims have been or may be asserted against it in amounts exceeding the total sum Petitioner may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

24.

All and singular the premises are true and correct and within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. §1333, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**WHEREFORE**, Limitation Petitioner, Diamond B Industries, L.L.C. prays:

**(a)** That this Court accept Petitioner's Ad Interim Stipulation / Letter of Undertaking as security for the M/V LITTLE BOB in the amount SIX HUNDRED SIXTY-SIX THOUSAND AND EIGHT HUNDRED DOLLARS and ZERO CENTS ($666,800.00) and cause the attached Order Approving Petitioner's Ad Interim Stipulation to be issued;

**(b)** That this Court issue a monition and notice to all persons, firms, corporations or other entities asserting any claims for any and all alleged losses, damages, or injuries with respect to which Diamond B Industries, L.L.C. seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve copies of said claims upon the attorney for Diamond B Industries, L.L.C., on or before the time fixed by this Honorable Court in the monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a commissioner or this Honorable Court as this Honorable Court may later direct, and also to appear and answer the allegations of this Petition according to the laws, rules and practices of this Honorable Court at or before a certain time to be fixed by the monition;

**(c)** That this Court issue an injunction restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of or resulting from the incident or other occurrences, as hereinabove described, or arising out of the contractual obligations which the M/V LITTLE BOB was engaged, and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceedings, against Limitation Petitioner or their agents or representatives or any other person whatsoever, for whom Limitation Petitioner may be responsible or the M/V LITTLE BOB

in respect of any claim or claims arising out of the alleged incident occurring on or about April 10, 2026 along with the aforesaid occurrence;

**(d)** That this Court, assuming a claim is filed against Limitation Petitioner, as well as the M/V LITTLE BOB in this proceeding, adjudge:

**(i.)** That Limitation Petitioner is not liable to any extent for any loss of life, injury, destruction, property damage or loss, or for any claim whatsoever, in any way arising out of or consequent upon the aforesaid occurrence(s);

**(ii.)** Alternatively, if Limitation Petitioner shall be adjudged liable, that such liability be limited to the amount or value of Limitation Petitioner's interest in the M/V LITTLE BOB, on which the aforesaid occurrence(s) took place, and that the money paid or secured to be paid as aforesaid, be divided *pro rata* among such Claimants as may duly prove their claims, if any, before this Court or a commissioner, if one be appointed, saving to all parties, any priorities to which they may be legally entitled, and that a decree may be entered discharging Limitation Petitioner from all further liability; and

**(iii.)** That Limitation Petitioner has such other and further relief as the justice of the cause may require.

Respectfully submitted:

***/s/ Aaron B. Greenbaum***

Aaron B. Greenbaum T.A. (#31752)
Rowen F. Asprodites (#33135)
Bridget E. Wallis (#40986)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Aaron.Greenbaum@pjgglaw.com
Rowen.Asprodites@pjgglaw.com
Bridget.Wallis@pjgglaw.com
**ATTORNEYS FOR PETITIONER-IN-LIMITATION, DIAMOND B INDUSTRIES, L.L.C.**